IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                               ORDER

                Plaintiff,

                                                          08-cv-169-bbc

    v.

STEVE GULLICKSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This action to recover on defaulted student loans is before the court on the government's motion for summary judgment.  Defendant Steve Gullickson does not deny that he is in default on his loans or that he owes the government money but he asks for additional time in which to try to piece together his payment record.  Because he has had ample time before now in which to obtain this information, I am denying his request and entering judgment for the United States.

      From the facts proposed by plaintiff and not opposed by defendant, I find that the following are material and undisputed.

1

UNDISPUTED FACTS

Defendant Steven Gullickson resides in Wausau, Wisconsin. On October 31, 1999, he executed two different promissory notes to obtain two separate loans from Barnett Bank in Jacksonville, Florida. The first loan was for $4000 loan and carried a variable interest rate established annually and repayable in installment payments. The second loan was for $2,635.00 and had an interest rate of 8% a year. The funds on both loans were disbursed to defendant on February 28, 1992 and April 20, 1992. Both notes were guaranteed by the Florida Department of Education, Office of Student Financial Assistance, and reinsured by the United States Department of Education.

Barnett Bank demanded payment of both loans according to the terms of the notes. It credited payments by defendant of $11.03 to the outstanding principal owed on the first loan and $410.15 on the second one. Defendant defaulted on both notes by failing to make continuing payments of interest and principal. Barnett Bank filed a claim on the guarantees for both loans; the Florida Department of Education paid the bank $4,267.25 on the first loan and charged defendant interest on the total amount it paid to the bank and it paid the bank $2,343.01 on the second loan. On April 1, 2004, Florida assigned all rights, title and interest in both notes to the United States Department of Education. The United States has received no payments on this loan from any source. As of November 29, 2007, defendant was indebted to the United States of America on the first loan in the principal amount of

2

$4,267.25, plus interest in the amount of $2,383.55, with interest accruing to the date of judgment at the rate of 8.2% per annum, and on the second loan in the principal amount of $2,343.01, plus interest in the amount of $2,235.12, with interest accruing to the date of judgment at the rate of 10% per annum.

On November 39, 2001, defendant executed a promissory note electronically to obtain a Federal Direct Consolidation Loan from the United States Department of Education, in the amount of $4,440.43, plus interest at 7% per annum. The department disbursed $4,440.43 to defendant on November 2, 2001. Later the department demanded payment according to the terms of the third note. Defendant defaulted on the note on October 4, 2002, by failing to make payments of principal and interest.

The United States Department of Education has credited a total of $0.00 in payments from all sources to the balance of this note. As of November 29, 2007, defendant was indebted to the United States in the principal amount of $4,440.43, plus interest in the amount of $1,883.89, with interest accruing to the date of judgment at the rate of 7% per annum.

## OPINION

In response to plaintiff's motion for summary judgment, defendant wrote to the court, saying that he was injured in 1996 and unable to work for six months and that this

3

lapse in employment sent his student loan into default.  He alleges that he made payments on his loans between 1997 and 2003 "to the lending institutions collection agency."  Dft.'s Letter, dkt. #25, at 1.  He says that he does not deny indebtedness and says he looks forward to entering into a payment plan to pay off his debt.  He adds that it is his intent to discover facts about the payments he has made previously and he asks the court to delay judgment on the debt for 90 days to allow him a chance to investigate.

Defendant's request will be denied.  He has had more than five years in which to investigate what happened to the payments he made before 2003.  Even if he put off investigation, until he was served with process, he has had more than five months since then to make inquiries.  He has shown no reason to think that another 60 or 90 days will enable him to find information he has been unable to find in five years.  Denying him his requested delay in judgment does not mean that he cannot continue to try to track down any payments he may have made.  If he can prove that he made additional payments that were not credited properly when he made them, the government will credit him now for those payments.

ORDER

IT IS ORDERED that the motion of plaintiff United States of America for summary judgment is GRANTED.  The clerk of court is directed to enter judgment in favor of plaintiff against defendant Steve Gullickson:

4

(1) in the principal amount of $4,267.25, plus interest totaling $2,383.55 as of November 29, 2007 and interest thereafter to the date of judgment accruing at the rate of 8.2% per annum;

(2) in the principal amount of $2,343.01, plus interest totaling $2,235.12 as of November 29, 2007 and interest thereafter to the date of judgment accruing at the rate of 10% per annum;

(3) in the principal amount of $4,440.43 plus interest totaling $1,883.89 as of November 29, 2007 and interest thereafter to the date of judgment accruing at the rate of 7% per annum; and

(4) for each of the three student loans, interest from the date of judgment at the legal rate until paid in full, together with costs under 28 U.S.C. § 1920, including a $350.00 filing fee.

Entered this 4th day of December, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5